# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2012

No. 11-11069
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT DAVID MIELNICKI, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-51-1

Before DAVIS, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Robert David Mielnicki, Jr., appeals the 48-month sentence imposed upon revocation of his supervised release. The district court imposed sentences of 24-months of imprisonment on each of two counts and ordered that the sentences run consecutively to each other and to the 15-year sentence imposed by a Texas state court for the robbery offense that resulted in the revocation. On appeal, Mielnicki challenges only the substantive reasonableness of his revocation sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mielnicki argues that revocation sentences should be reviewed for "reasonableness" in light of *United States v. Gall*, 552 U.S. 38 (2007) and *United States v. Booker*, 543 U.S. 220 (2005), but he raises the argument to preserve it for further review. As he acknowledges, we review revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard, *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011).

Although Mielnicki asserts that his challenge to the substantive reasonableness of his sentence has been preserved, he lodged only a general objection to the substantive reasonableness of his sentence. He did not assert that his sentence was substantively unreasonable on the grounds he now raises on appeal. Accordingly, our review is limited to plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009).

As for Mielnicki's argument that the district court focused upon an improper factor, the Texas robbery, in sentencing him, we find the argument is not supported by the record. Further, even though the district court noted Mielnicki's criminal history before imposing sentence, the district court was not prohibited from considering "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Moreover, the district court clearly stated that the sentence addressed "the factors [it] should consider in a revocation context under" § 3553(a). Accordingly, Mielnicki has failed to show that the district court considered an improper factor in imposing the revocation sentence. *See* § 3553(a)(2)(A); *Miller*, 634 F.3d at 844.

He also argues that in ordering that the revocation sentences run consecutively to each other as well as to the 15-year sentence imposed by the state court, the district court imposed an excessive sentence and disregarded the state court's intention that the state sentence run concurrently with the revocation sentence. We disagree. The district court was "within its authority to impose consecutive terms of imprisonment following the revocation of . . . concurrent terms of supervised release." *United States v. Gonzalez*, 250 F.3d

2

No. 11-11069

923, 929 (5th Cir. 2001). Further, the district court exercised its discretion to order that the revocation sentence be served consecutively to the sentence imposed by the state court. *See* 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f). The district court's decision was authorized by statute and preferred under the Guidelines, and it did not constitute plain error.

Finally, although the 48-month sentence is greater than the recommended sentencing range, it does not exceed the statutory maximum term of imprisonment allowed upon revocation. *See* § 3583(e)(3). Accordingly, the sentence is not plainly erroneous. *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.